UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALLARD CONDOMINIUMS OWNERS ASSOCIATION, as assignee of BALLARD RESIDENTIAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, *et al.*,<br><br>Defendants. | No. C09-00484 RSL<br><br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON INDEMNITY |

## I. INTRODUCTION

This matter comes before the Court on defendants' Motions for Partial Summary Judgment on Indemnity. Dkt. #151 & 156. After considering the parties' briefs and all supporting evidence submitted to the Court, the Court GRANTS defendants' Motions for Partial Summary Judgment on Indemnity for the reasons stated below.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 1

## II. DISCUSSION

### A. Factual Background

In January 2007, Ballard Condominiums Owners Association ("plaintiff" or "BCOA") filed a complaint against Ballard Residential LLC ("Ballard") for damages arising from a construction defect. Ballard claimed that defendants General Security and Indemnity Company of Arizona ("GSICA") and Scottsdale Insurance Company ("Scottsdale") were obligated to defend and indemnify Ballard as an "additional insured" on insurance policies issued by defendants to Pacific Rim Framing Company ("Pacific Rim"), the named insured and one of Ballard's subcontractors. Defendants denied Ballard's tender of defense against BCOA's claims, and Ballard filed a third-party claim against Pacific Rim for breach of contract and breach of the duties to defend and indemnify. BCOA settled its claims against Ballard around October 2007, and as part of the settlement terms, Ballard assigned its claims against the subcontractors, including Pacific Rim, to BCOA.[1] BCOA then continued the litigation against Pacific Rim, stepping into Ballard's shoes. Pacific Rim successfully moved for summary judgment, which was affirmed by the Court of Appeals. The Washington Supreme Court denied review.

For purposes of these motions only, defendants assume that Ballard was an additional insured on the policies issued to Pacific Rim.

### B. Legal Standard for Motion for Summary Judgment

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.

---

[1] The settlement agreement specifically provides that the subcontracts, including Ballard's contract with Pacific Rim, "required each subcontractor to perform certain work described therein on the Project and further require [sic] each subcontractor to defend, indemnify, and hold harmless Ballard and others against all loss and damage <u>arising out of such subcontractor's work</u>." Dkt. #153, Ex. A at 1 (emphasis added).

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 2

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case.  Celotex Corp., 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150-51 (2000).

### C.   Analysis

To be entitled to coverage, plaintiff must prove that Ballard was an additional insured on the Pacific Rim policy and that the liability settled by Ballard arose out of Pacific Rim's work or products.  See Hayden v. Mut. of Enumclaw Ins. Co., 141 Wn. 2d 55, 64 (2005) ("The duty to indemnify hinges on the insured's actual liability to the claimant and actual coverage under the policy.").

Here, Scottsdale agreed to indemnify Pacific Rim for "property damage . . . arising out of [Pacific Rim's] product or [Pacific Rim's] work." Dkt. #157, Riensche Decl., Ex. A at 1147, Ex. B at 1202 (internal citations omitted).  The policy also limited coverage for additional insureds to the extent of liability caused by the named insured.  Id., Ex. D at GRIF 000185.  Accordingly, Scottsdale's coverage is limited to damage caused by Pacific Rim's products or work -- an issue which defendants argue has already been adjudicated.[2]

---

[2]GSICA has not provided its policy, so the Court cannot determine the limitations of coverage under its policy.  However, plaintiff seemingly admits that coverage is limited to damage caused by Pacific Rim's products or work.  See Dkt. # 166 at 2 ("The carriers do not dispute that [BCOA] and Ballard Residential executed a settlement agreement on October 1, 2007 obligating Ballard Residential

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 3

The question before the Court is whether Pacific Rim's actual liability to Ballard has already been adjudicated.

1.  Collateral Estoppel

The doctrine of collateral estoppel prevents a party from relitigating issues that have been raised and litigated by the party in a prior proceeding. Clark v. Baines, 150 Wn. 2d 905, 912 (2004).[3] The party asserting collateral estoppel must prove:

> (1) the issue decided in the prior adjudication is identical to the one presented in the current action, (2) the prior adjudication must have resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication, and (4) precluding relitigation of the issue will not work an injustice on the party against whom collateral estoppel is to be applied. Id.

Collateral estoppel promotes judicial economy and prevents inconvenience, and even harassment, of the parties. Id.

  a.  *Identical Issue*

Plaintiff argues that the issues decided in the underlying action are not identical to the issues presented here because the issue in the underlying action "was that Ballard Residential did not prove that Pacific Rim breached its subcontract." Dkt. #166 at 14. In contrast, defendants argue that the dispositive issue here that was litigated in the underlying action is whether the damage was caused by Pacific Rim's work (i.e., whether Pacific Rim was actually liable to Ballard). The Court agrees with defendants.

In the underlying action, Ballard sued Pacific Rim alleging breach of contract and duty to indemnify and defend based on Pacific Rim's alleged defective work that contributed to Ballard's liability to plaintiff. Dkt. #172, Second Riensche Decl., Ex. A at 12-13. Ballard

---

to pay [BCOA] for defective construction work <u>arising out of the Pacific Rim Framing work</u> on the [BCOA] project.") (emphasis added).

[3]The parties do not dispute that Washington state law applies in this case.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 4

Residential, LLC v. Pac. Rim Framing Co., Inc. 2009 WL 1111184 (Wn. App. 2009) (unpublished). The trial court found no evidence to support this claim and dismissed the claim on summary judgment. Dkt. #153, Ex. C at 24. The trial court explained:

> I do not have anything that says the work of Pacific Rim was the cause or was defective in any fashion whatsoever. In fact, to the contrary. The only evidence in front of me is that the work on the doors was within the contractual performance.
>
> We know that the deck slope is out as to this defendant, and we have nothing to provide the causal link to prove that your contract was breached in any way.
>
> There is no factual evidence in front of me so I am going to grant your motion for summary judgment. Id.

On appeal, BCOA argued that the trial court erred in granting summary judgment on the issue of whether Pacific Rim breached its contractual obligation to properly install the material, Tyvek, as required by its subcontract with Ballard. The court reasoned that BCOA failed to acknowledge the limits of Pacific Rim's contractual duty with respect to Tyvek:

> Pacific Rim, the framing subcontractor, was not the sole entity contractually obligated to install Tyvek. Its scope of work relating to Tyvek was limited to stapling and taping the ends of the Tyvek vapor barrier. The Tyvek was preinstalled, and the panels were prefabricated offsite by a different subcontractor. Pacific Rim did all of its work from inside the structure. Gonzales [Pacific Rim's owner and president] testified that Pacific Rim's workers stapled the loose ends of Tyvek that they could reach from inside. Lone Pine was principally responsible under its subcontract to perform the weatherproofing work on the exterior of the structure including tying all Tyvek joints together and repairing holes. The record shows that windstorms damaged the Tyvek after Pacific Rim completed its work but before the siding was completed.

Ballard Residential, 2009 WL 1111184 at 4.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 5

1    The court found that there was "simply no evidence that Pacific Rim breached the
2 contract or that the alleged breach caused the water damage." Id. Accordingly, the Court of
3 Appeals affirmed the trial court's decision that Pacific Rim was not liable to Ballard.

4    The Court finds that the dispositive issue of whether Pacific Rim, as the named insured,
5 was liable to Ballard has already been decided in a prior action.

### b.  *Final Judgment on the Merits*

6    Plaintiff argues that because the dismissal of Pacific Rim at the trial court and Court of
7 Appeals was predicated on plaintiff's failure to comply with applicable procedural rules,[4] the
8 dismissal was not on the merits." Dkt. #166 at 15.

9    The cases cited by plaintiff do not support this novel proposition. See Coggle v. Snow,
10 56 Wn. App. 499, 508 (1990) (considering whether trial court abused its discretion in not
11 granting Rule 56(f) continuance so counsel could gather necessary declarations in time for the
12 summary judgment hearing); Mithough v. Apollo Radio of Spokane, 128 Wn. 2d 460, 462
13 (1996) (considering whether trial court properly refused to consider depositions on summary
14 judgment motion). Rather, it is well settled that a grant of summary judgment is a final
15 adjudication on the merits. Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). A grant of
16 summary judgment has the same preclusive effect as a full trial of the issue. Lee v. Ferryman,
88 Wn. App. 613, 622 (1997). If plaintiff believed that the trial court erred in striking the

---

[4]Plaintiff argues that the trial court and Court of Appeals should have considered a report of Todd Kilburn discussing the scope of repair for defects as evidence of breach and causation. The report was stricken by the trial court because of a procedural error whereby the report was not attached to a declaration of the person who wrote the report, but to a declaration filed by former counsel. Dkt. #166 at 15-16. The Court of Appeals noted: "For the first time in its reply brief, the [B]COA cited the declaration of Todd Kilburn as evidence of breach and causation. The trial court struck this evidence prior to its summary judgment ruling, but considered it in ruling on the [B]COA's motion for reconsideration. The [B]COA, however, assigned no error to the order granting Pacific Rim's motion to strike or to the order denying the [B]COA's motion for reconsideration. We decline to consider it." Ballard Residential, 2009 WL 1111184 at 2 n.4.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 6

declaration, it should have appealed that decision, which it did not do.  Ballard Residential, 2009 WL 1111184 at 2 n.3.

The Court finds that the grant of summary judgment in the state action is a final judgment on the merits.

### c. *Party or Privity in Prior Adjudication*

In January 2007, BCOA filed a complaint against Ballard for damages arising from a construction defect.  Dkt. #172, Ex. A.  Ballard filed a third-party claim against Pacific Rim for breach of contract and breach of the duties to defend and indemnify.  Dkt. #35 ¶3.  BCOA settled its claims against Ballard around October 2007.  Id. ¶6.  As part of the settlement terms, Ballard assigned its claims against the subcontractors, including Pacific Rim, to BCOA.  Id.  BCOA then continued the litigation against Pacific Rim, stepping into Ballard's shoes.  Id.  Pacific Rim then successfully moved for summary judgment against plaintiff, which was affirmed by the Court of Appeals.  Id. ¶7.

Accordingly, BCOA, the party against whom collateral estoppel is asserted, was a party or in privity with a party to the prior adjudication.

### d. *Injustice*

In the context of collateral estoppel, injustice has been defined as whether an individual in a prior suit was afforded a full and fair hearing.  Lee, 88 Wn. App. at 625.  Plaintiff argues that collateral estoppel would work an injustice because Pacific Rim's dismissal was not on the merits because the report allegedly identifying problems with Pacific Rim's work was stricken and not considered as a result of procedural error by counsel.  Dkt. #166 at 17.  The concept of injustice does not apply simply because plaintiff would like to reargue the issue in a case where counsel's procedural error resulted in an adverse ruling.  See Nat'l Union Fire Ins. Co. of Pittsburgh, 97 Wn. App. 226, 233 (1999) ("The appellants mistakenly attempt to demonstrate the injustice of preclusion in the instant case by rearguing the issue of whether NWYS should be vicariously liable for Ritchie's actions.").  Plaintiff had a full and fair opportunity to litigate

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 7

the issue of Pacific Rim's liability to Ballard, and counsel's procedural errors do not work to create an injustice.

The Court finds that collateral estoppel bars plaintiff from relitigating the issue of Pacific Rim's liability to Ballard, where a prior state court found no causal link between Pacific Rim's work and the damage caused to Ballard, and plaintiff had a full and fair opportunity to litigate the issue.

### 2. Plaintiff's Additional Arguments

The Court rejects plaintiff's additional arguments for why summary judgment should not be granted. First, Plaintiff argues that defendants are liable for BCOA/Ballard's settlement amount attributable to Pacific Rim's work. Dkt. #166 at 4-5. The cases cited by plaintiff purporting to support this position are inapposite. See Mut. of Enumclaw Ins. Co. v. T&G Constr., Inc., 165 Wn. 2d 255, 265 (2008) (insured's liability determined); Truck Ins. Exch. v. Vanport Homes, Inc., 147 Wn. 2d 751 (2002) (insurer wrongfully refused to defend; no discussion of duty to indemnify for damage caused by others); Besel v. Viking Ins. Co. Of Wisconsin, 146 Wn.2d 730, 734 (2002) (liability of insured established); Kirk v. Mount Airy Ins. Co., 134 Wn.2d 558 (1998) (discussing duty to defend, not duty to indemnify, and assuming insurer acted in bad faith for failing to defend and assuming harm); Chaussee v. Nodell, 60 Wn. App. 504, 515 (1991) (sufficient evidence of liability established). The settlement agreement between BCOA and Ballard does not give rise to an automatic finding of liability against Pacific Rim for damage caused by other subcontractors. Indeed, the settlement agreement specifically limited liability of subcontractors to damages "arising out of such subcontractor's work." Dkt. #153, Ex. A at 1. As already discussed, the issue of whether Pacific Rim caused damage, and is therefore liable to Ballard, has already been adjudicated in the negative.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 8

Second, plaintiff argues that post-settlement events or judicial decisions are neither relevant nor admissible in determining the reasonableness of the settlement[5] and do not modify the insured's legal obligation to pay the settlement amount.[6] Plaintiff's argument misses the mark. Washington courts have held that even where an insurer acted in bad faith in defending a claim, a general contractor is not entitled to indemnification under a particular subcontractor's policy from liability caused by other wrongdoers because estoppel does not operate to create coverage. Ledcor Indus. (USA), Inc. v Mut. of Enumclaw Ins. Co., 150 Wn. App. 1, 11 (2009). Here, even if the Court assumed that defendants acted in bad faith, defendants would only have a legal obligation to pay if the damage caused was attributable to Pacific Rim's work. Again, the state court found that Pacific Rim's work did not cause the damage to plaintiff. Ballard Residential, 2009 WL 1111184 at 4 ("Lone Pine was principally responsible under its subcontract to perform the weatherproofing work on the exterior of the structure, including tying all Tyvek joints together and repairing holes. The record shows that windstorms damaged the Tyvek after Pacific Rim completed its work but before the siding was

---

[5] The reasonableness of the settlement is not before the Court, and plaintiff's cases discussing the reasonableness of settlement are therefore inapposite. Schmidt v. Cornerstone Invs., Inc., 115 Wn. 2d 148 (1990) (discussing reasonableness of settlement); Green v. City of Wenatchee, 148 Wn. App. 351, 369 (2009) (directing trial court to enter findings of fact establishing liability, rather than relying on facts agreed to by parties in settling, before determining what settlement amount is reasonable); Mavroudis v. Pittsburgh-Corning Corp., 86 Wn. App. 22 (1997) (determining whether settlement was reasonable, and finding that trial court did not inappropriately consider post-settlement information when determining reasonableness).

[6] The case cited by plaintiff to support its argument that post-settlement events or judicial decisions do not modify the insurer's legal obligation to pay is inapposite. In Mut. of Enumclaw, 165 Wn. 2d at 265, judgment was entered in the liability suit against the insurer finding that the insurer had a legal obligation to pay damages in the coverage case. In contrast, the liability suit here determined that Pacific Rim's work did not cause damage to Ballard. Additionally, the settlement agreement did not create such an obligation because it specifically limited Pacific Rim's liability to damages arising out of Pacific Rim's work. Dkt. #153, Ex. A. Since the state court found that the damages did not arise out of Pacific Rim's work, no legal obligation to pay damages was created.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 9

completed. . . . There is simply no evidence that Pacific Rim breached the contract or that the alleged breach caused the water damage.").

Accordingly, plaintiff is not entitled to indemnification under Pacific Rim's policy for wrongdoing caused by another subcontractor. See Ledcor Indus., 150 Wn. App. at 11 (even where insurer acted in bad faith in defending claim, general contractor was not entitled to indemnification under a particular subcontractor's policy from liability caused by other wrongdoers because estoppel does not operate to create coverage).

### III. CONCLUSION

For all the foregoing reasons, Defendants' motions for Partial Summary Judgment on Indemnity are GRANTED. Dkt. #151 & 156.

DATED this 12th day of November, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS
FOR PARTIAL SUMMARY JUDGMENT ON
INDEMNITY- 10